**Fill in this information to identify your case:**

Debtor 1: Linda Mack Myers Doctor
First Name / Middle Name / Last Name

Last four digits of social security number: 5707

Debtor 2: _____
First Name / Middle Name / Last Name

Last four digits of social security number: 2447

6003 North Old Georgetown Road
Coward, SC 29530

United States Bankruptcy Court for the: District of South Carolina
Case number  21-02315-dd

___ Check if this is a modified plan, and list below the sections of the plan that have been changed.

X  Pre-confirmation modification

___ Post-confirmation modification

__2.1, 3.2__ as to East Coast Financial bening valued an correct description of collateral

__3.3_ so as to show the proof of claim amount

# District of South Carolina

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | √ Included | ___ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ___ Included | √ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ___ Included | √ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ___ Included | √ Not included |

Debtor __Linda Mack Myers Doctor__                                        Case Number __21-02315-dd__

## Part 2:  Plan Payments and Length of Plan

2.1  The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ __920.00__ per month for __60__ months
[and $_____ per month for _____ months]
*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2  **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ The debtor will make payments pursuant to a payroll deduction order.
✓ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment ):_____.

2.3  **Income tax refunds.**

*Check one.*

✓ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income tax refunds as follows:

_____

_____

2.4  **Additional payments.**

*Check one.*

✓ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

## Part 3:  Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1  **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*
✓ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.1(a)  The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below,

Debtor  __Linda Mack Myers Doctor_____    Case Number __21-02315-dd_____

with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| _____ | _____ |

*Insert additional claims as needed.*

     **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| _____ | _____ | $_____ Includes amounts accrued through the [Month/Year] | _____% | $_____ [ payment] (or more) |

*Insert additional claims as needed.*

    ____**3.1( c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

    **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

    ____ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.**

____**None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

√   The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    Unless 11 U.S.C. § 1325(a)(5)(A) or ©) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(I). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| East Coast Financial | $ 84485.18 | 2005 N. Old Georgetown Road | $ 27,500.00 | $None. | $ 27,500.00 | 5.25 % | $ 523.00 |
| | | | | | | | (or more) |
| | | | | | | | (or more) |
| Auto Money | $ 1424.07 | 2x 1986 Chevrolet Caprices | $ 800.00 | $10.00 | $ 800.00 | 5.25 % | $ 16.00 |

Debtor __Linda Mack Myers Doctor__                                             Case Number __21-02315-dd__

| BLI | $ 200.000 | Deck | $ 200.00 | $None. | $ 200.00 | 5.25 % | $ 4.00 |

(or more)

(or more)

*Insert additional claims as needed.*

### 3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check one.*
    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

√   The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| First Credit | 2007 Chevrolet Tahoe | $ 3075.66 | 5.25 % | $ 103.00 (or more) Disbursed by √ Trustee ___ Debtor |

*Insert additional claims as needed.*

### 3.4 Lien avoidance.

*Check one.*
√   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| _____ | $ __ | $ none | _____ | $ _____ | $ _____ | $ _____ |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/avoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ | $ _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | $ _____ |

Debtor __Linda Mack Myers Doctor__                                         Case Number __21-02315-dd__

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*
√   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

   The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

   **Name of creditor**                    **Collateral**

   _____             _____

*Insert additional claims as needed.*

## Part 4:  Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

   a.   The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

   b.   If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*
____The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

   **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

   a.   Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
   b.   The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
   c.   Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

Debtor  Linda Mack Myers Doctor                               Case Number  21-02315-dd

√     **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

√     **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| | Disbursed by |
| | ___ Trustee |
| | ___ Debtor |

*Insert additional claims as needed.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

√ The debtor estimates payments of less than 100% of claims.
___ The debtor proposes payment of 100% of claims.
___ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2     Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

√     **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

The debtor will maintain the contractual installment payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

| Name of creditor | Current installment payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|
| _____ | $_____ | $_____ | $_____ (or more) |

*Insert additional claims as needed.*

**5.3     Other separately classified nonpriority unsecured claims.** *Check one.*

√     **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Total amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|
| _____ | $_____ | _____% |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor.

Provide a brief statement of the basis for separate classification and treatment.

Debtor __Linda Mack Myers Doctor__                                                           Case Number __21-02315-dd__

*Insert additional claims as needed.*

**Other.** An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

√ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

___ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ |

*Insert additional claims as needed.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

*Check the applicable box:*

√ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

___ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**

√    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

## Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney.**

*The debtor and the attorney for the debtor, if any, must sign below.*

X /s/ Linda Mack Myers Doctor_____            X_____

Signature od Debtor 1                                                      Signature of Debtor 2

District of South Carolina
Effective December 17, 2021                        Chapter 13 Plan                                                        Page    7

| | |
|---|---|
| Debtor  Linda Mack Myers Doctor | Case Number  21-02315-dd |

| | |
|---|---|
| Executed on    2/ 15 /2022 | Executed on _____ |
| MM//DD/YYYY | MM / DD/ YYYY |

| | |
|---|---|
| X  /s/ Thomas M. Fryar | Date     2/ 15 /2022 |
| Thomas M. Fryar DCID#4439 | MM/DD/YYYY1 |
| Drose Law Firm | |
| PO Box 8574 | |
| Columbia, SC 29202 | |
| 803-779-5365; 803-888-4729 fax | |
| firmd@bellsouth.net | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:                                )  | CASE NO: 21-02315-dd |
| L:inda Mack Myers Dostor      )  | CHAPTER 13 |
| aka Linda Mack                      )  | |
| aka Linda Thomas                 )  | |
| aka Linda Dostor                   )  | |
| 6003 N. Old Georgetown Road )  | |
| Coward, SC 29530                 )  | |
|                                              )  | CERTIFICATE OF SERVICE |
| Last four digits of Soc. Sec. # 2447  ) | |
| Last four digits of Soc. Sec. #    )  | |
| Debtor(s)                              )  | |

     I HEREBY CERTIFY that I have served a copy of the attached Amended/Modified Chapter 13 Plan for the above listed debtor to the creditors and/or parties in interest as listed on the attached matrix/list(s)/sheets, by means of first class United States mail. This service occurred on February 15, 2022.

 

/s/ Thomas M. Fryar
Thomas M. Fryar
Federal District ID # 4439
Attorney for the Debtors
Drose Law Firm
PO Box 8574
Columbia, SC 29201
(803) 779-5365
Fax (803) 888-4729
E-mail: firmd@bellsouth.net

**Columbia, South Carolina**
**Dated:** February 15, 2022

```
Label Matrix for local noticing          ACS PRIMARY CARE PHYSICIANS OF SC      ADVANCED CARDIOLOGY CONSULTANTS
0420-3                                    PO BOX 1123                            C/O FRANKLIN CONSULTANTS
Case 21-02315-dd                          Minneapolis MN 55440-1123              PO BOX 3910
District of South Carolina                                                       Tupelo MS 38803-3910
Columbia
Tue Feb 15 09:26:25 EST 2022

ATTORNEY GENERAL OF THE UNITED STATES     (p)AUTOMONEY INC                       Advanced Cardiology Consultants
PO BOX 14198                              ATTN ABIGAIL SCUDDER DUFFY             c/o Franklin Collection Service
BEN FRANKLIN STATION                      450 MEETING ST                         Po Box 3910
Washington DC 20044-4198                  CHARLESTON SC 29403-5522               Tupelo, MS 38803-3910


BIG A AUTO SALES                          BLI                                    BLI RENTALS, LLC
1216 N CASUA DRIVE                        PO BOX 992                             PO BOX 992
Florence SC 29501-6938                    Emporia KS 66801-0992                  Emporia KS 66801-0992


CAROLINAS HOSPITAH SYSTEEM                DAVID C. GAFFNEY                       EAST CAOST FINANCIAL
PO BOX 188                                GAFFNEY LAW FIRM, P.A.                 10632 N SCOTTSDALE ROAD, STE B-466
Brentwood TN 37024-0188                   PO BOX 3966                            Scottsdale AZ 85254-6164
                                          West Columbia SC 29171-3966


EQST COQST FINANCIAL, LLC                 (p)FARMERS FURNITURE                   FCI
C/O FCI LENDER SERVICES, LLC              ATTN CORPORATE CREDIT DEPT             PO BOX 27370
P.O. BOX 27370                            PO BOX 1140                            Anaheim CA 92809-0112
Anaheim CA 92809-0112                     DUBLIN GA 31040-1140


FIRST CREDIT                              FIRST CREDIT                           FLORENCE COUNTY CLERK OF COURT
1114 WEST EVANS STREET                    518 E MAIN STREET                      180 N IRBY STREET
Florence SC 29501-3320                    Kingstree SC 29556-3517                Florence SC 29501-3456


FLORENCE COUNTY TREASURER                 Thomas M. Fryar                        INTERNAL REVENUE SERVICE
PO BOX 100501                             Drose Law Firm                         CENTRALIZED INSOLVENCY
Florence SC 29502-0501                    PO Box 8574                            OPERATION
                                          Columbia, SC 29202-8574                PO BOX 7346
                                                                                 Philadelphia PA 19101-7346


(p)INTERNAL REVENUE SERVICE               J PAMELA PRICE                         JANUARY N. TAYLOR
CENTRALIZED INSOLVENCY OPERATIONS         MCMICHAEL TAYLOR GRAY LLC              MCMICHAEL TAYLOR GRAY, LLC
PO BOX 7346                               709 A DEVONSHIRE DRIVE                 5555 GLENRIDGE CONNECTOR
PHILADELPHIA PA 19101-7346                Columbia SC 29204                      SUITE 200
                                                                                 Atlanta GA 30342-4815


(p)JEFFERSON CAPITAL SYSTEMS LLC          LUMBEE HOMES                           (p)MERCHANTS ADJUSTMENT SERVICE INC
PO BOX 7999                               PO BOX 5898                            ATTN ATTN SHERI
SAINT CLOUD MN 56302-7999                 Florence SC 29502-5898                 PO BOX 7511
                                                                                 MOBILE AL 36670-0511


MOSS & ASSOCIATES                         Linda Mack Myers Doctor                NPRTO South-East, LLC
316 ELMWOOD AVENUE                        6003 North Old Georgetown Road         256 West Data Drive
Columbia SC 29201-2027                    Coward, SC 29530                       Draper, UT 84020-2315
```

PALISADES COLLECTIONS
PO BOX 40728
Houston TX 77240-0728

PEE DEE MEDICAL COLLECTION
PO BOX 1597
Florence SC 29503-1597

PEE DEE MEDICAL COLLECTIONS
PO BOX 1597
Florence SC 29503-1597

PERITUS PORTFOLIO SERVICES
PO BOX 141149
Irving TX 75014-1149

J Pamela Price
McMichael Taylor Gray, LLC
3550 Engineering Drive
Suite 260
Peachtree Corners, GA 30092-2871

REGIONAL MANAGEMENT CORPORATION
PO BOX 776
Mauldin SC 29662-0776

RESURGENT CAPITAL
PO BOX 10587
Greenville SC 29603-0587

RILEY, POPE, & LANEY, LLC
PO BOX 11412
Columbia SC 29211-1412

(p)SOUTH CAROLINA DEPARTMENT OF REVENUE
OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY
300A OUTLET POINTE BLVD
COLUMBIA SC 29210-5666

Pamela Simmons-Beasley
250 Berryhill Road
Suite 402
Columbia, SC 29210-6466

T MOBILE/T-MOBILE USA INC
BY AMERICAN INFOSOURCE AS AGENT
PO BOX 248848
Oklahoma City OK 73124-8848

TMOBILE
PO BOX 248848
Oklahoma City OK 73124-8848

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

UNITED STATES ATTORNEY FOR THE
DISTRICT OF SOUTH CAROLINA
1441 MAIN STREET
SUITE 500
Columbia SC 29201-2897

Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX 77210-4457

WESTLAKE FINANCIAL
4751 WILSHIRE BLVD
SUITE 100
Los Angeles CA 90010-3847

WESTLAKE FINANCIAL SVCS
C/O PERITUS PORTFOLIO
PO BOX 141419
Irving TX 75014-1419

Westlake Services, LLC
c/o Resurgent Capital Services
P.O. Box 3427
Greenville, SC 29602-3427

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AUTO MONEY
1359 SOUTH IRBY STREET
Florence SC 29505

(d)AUTOMONEY INC.
ATTN: ABIGAL SCUDDER DUFFY
450 MEETING ST
Charleston SC 29403-5522

FARMERS FURNITURE
ATTN CORPORAT CREDIT DEPT
PO BOX 1140
Dublin GA 31040-1140

INTERNAL REVENUE SERVICE
INSOLVENCY GROUP
1835 ASSEMBLY ST., MDP 39
Columbia SC 29201

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
Saint Cloud MN 56302-7999

MERCHANTS ADJUSTMENT SERVICE
PO BOX 7511
56 N FLORIDA ST
Mobile AL 36670

(d)MERCHANTS ADJUSTMENT SERVICE INC
ATTN: SHERI
PO BOX 7511
Mobile AL 36670-0511

SC DEPARTMENT OF REVENUE AND TAXATION
PO BOX 12265
Columbia SC 29211-2265

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)East Coast Financial, Inc.

(du)East Coast Financial, LLC

(du)East Coast Financial, LLC

(d)Pamela Simmons-Beasley
250 Berryhill Road
Suite 402
Columbia, SC 29210-6466

End of Label Matrix
Mailable recipients    47
Bypassed recipients     4
Total                  51