# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 21-02315-dd |
| | Chapter 13 |
| **LINDA MACK MYERS DOCTOR,** *(aka Linda Mack, aka Linda Thomas, aka Linda Myers, aka Linda Doctor)* | **SETTLEMENT ORDER ON *IN REM* MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| Debtor(s). | |

This matter comes before the Court on the motion for *in rem* relief from the automatic stay filed by East Coast Financial, LLC ("Movant").  Movant has waived any claim arising under 11 U.S.C. §503(b) or § 507(b).   The chapter 13 trustee did not object to the motion or has agreed to the settlement.  The property serving as collateral which is the subject of the motion is described as follows:

6005 North Old Georgetown Road, Coward, SC 29530 (the "Property")

Upon Movant's certification of the agreement of the parties, it is hereby ORDERED:

Debtor and Movant have agreed to a valuation on the Property in the amount of $27,500.00 at 5.25% interest to be paid by the Chapter 13 Trustee under Section 3.2 of the Debtor's Chapter 13 Plan.  The Debtor shall amend the Chapter 13 Plan accordingly within 14 days of the entry of this Order to effectuate this agreement.

Debtor shall remit the ongoing Chapter 13 Plan payments to the Chapter 13 Trustee pursuant to the terms under the Chapter 13 Plan and Confirmation Order to be entered by this Court.

Failure to make a payment to the Trustee such that said payment is not received by the Trustee within 14 days from its due date shall be considered a default under the terms of this settlement order.

In the event of a default under the terms of this Order, *in rem* relief from stay and a 180-day bar from filing another petition under Title 11 of the United States Bankruptcy Code shall be provided without further hearing upon the filing of an affidavit of default by Movant and the entry of the proposed order by the Court. Upon entry of the Order, Movant may then proceed with its state court remedies against the collateral, including sending any required notice to Debtor(s). This *ex parte* provision shall remain in place for the remainder of the Debtor's Chapter 13 case.

During the term of the case, the Debtor shall be permitted to file a Motion for Moratorium; however only one (1) Motion for Moratorium will be permitted during the pendency of this Chapter 13 case.

The Debtor shall be permitted to modify the Chapter 13 Plan to surrender the Property. In the event of a surrender of the Property, *in rem* relief from stay may be provided pursuant to 11 U.S.C. § 362(d)(4) without further hearing upon the filing of an affidavit of default by Movant and the entry of the proposed order by the Court. Upon entry of the Order, Movant may proceed with its state court remedies against the Property, including sending any required notice to Debtor(s). This *ex parte* provision shall remain in place for the remainder of the Debtor's Chapter 13 case.

In the event the Debtor's Chapter 13 case is dismissed, the dismissal shall be with prejudice and there shall be a 180 day bar from filing another petition under Title 11 of the United States Bankruptcy Code.

**AND IT IS SO ORDERED**

**FILED BY THE COURT**
**02/18/2022**



Entered: 02/18/2022

David R. Duncan
US Bankruptcy Judge
District of South Carolina

**WE SO MOVE AND CONSENT:**

/s/ J. Pamela Price
Attorney for Movant
District Court I.D. 14336

/s/ Thomas Fryar
Attorney for Debtor
District Court I.D. 443

**CERTIFICATION:**

Debtor's counsel represents that prior to consenting to this settlement order, the payment obligations set forth in this Order, including the amounts, method, and timing of payments, and consequences of default were reviewed with and agreed to by the Debtor(s) or the party obligated to pay.

/s/Thomas Fryar
Attorney for Debtor
District Court I.D.     4439